

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 27, 2024**

_____
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| In re: | Chapter 11 |
|---|---|
| HEARTLAND CABINETRY AND FURNITURE, INC., | (Subchapter 5) |
| | Case No. 23-43797 (ELM) |
| Debtor. | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b) AND 365 (A) AUTHORIZING THE DEBTOR TO SELL CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES NOT SPECIFICALLY ASSUMED; (B) APPROVING ASSET PURCHASE AGREEMENT AND ASSUMPTION AND ASSIGNMENT OF OTHER AGREEMENTS RELATED THERETO; (C) AUTHORIZING THE DEBTOR TO CONSUMMATE ALL TRANSACTIONS CONTEMPLATED BY SUCH AGREEMENTS; AND (D) GRANTING CERTAIN <u>RELATED RELIEF</u>**

Upon consideration of the motion of Debtor Heartland Cabinetry and Furniture, Inc. (the "<u>Debtor</u>" or "<u>Seller</u>"), the debtor and debtor-in-possession, for entry of an order (i) authorizing and directing the Seller, in accordance with Sections 363 and 365 of the Bankruptcy Code to convey

155494985.1
155578450.1

the Sale Assets[1] to HCFI Acquisition, LLC (the "Highest Bidder") pursuant to the provisions of the asset purchase agreement by and between HCFI Acquisition, LLC, a Texas limited liability company, or its assigns, on the one hand and Heartland Cabinetry and Furniture, Inc., a Texas corporation as Debtor in Possession and its successors and assigns, on the other hand as modified ("Asset Purchase Agreement"), (i) free and clear of all liens, claims, interests, obligations and encumbrances, and exclusive of any liabilities of any kind or nature whatsoever, whether known or unknown, contingent or otherwise except as set forth in the Asset Purchase Agreement ("Liens and Claims"), (ii) finding that the Highest Bidder has acted in good faith within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby; (iii) finding that the Asset Purchase Agreement was negotiated, proposed and entered into by the Parties without collusion, in good faith and from arm's-length bargaining positions; (iv) finding that the Highest Bidder is not acquiring or assuming any liabilities of any description, other than those expressly assumed in the Asset Purchase Agreement; (v) determining that the Asset Purchase Agreement and the transactions contemplated hereby are approved and shall be specifically enforceable against and binding upon the Seller; (vi) providing that the Highest Bidder is not a successor in interest to Seller; (vii) waiving any stay that would otherwise be applicable pursuant to Bankruptcy Rules 6004(h) or 6006(d); and (viii) authorizing Seller to assume and assign to the Highest Bidder the Executory Contracts and Leases identified by the Highest Bidder, and (ix) granting related relief (the "<u>Sale Motion</u>"), and after due deliberation and sufficient cause appearing therefore, and the Court having read and considered the Sale Motion, evidence presented by counsel, and no objections to the Sale Motion having been filed, and the Court having

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as provided in the Asset Purchase Agreement or the Bankruptcy Code

determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein:

THE COURT HEREBY FINDS AND DETERMINES THAT:

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

C. As evidenced by the certificate of service filed with this Court and based on the representations of counsel at the hearing: (i) proper, timely, adequate and sufficient notice of (a) the Sale Motion, (b) the Bid Procedures Order and (c) the hearing Order (1) Approving Bidding Procedures as Modified Herein (2) Approving the Break-up Fee; (3) Scheduling Auction and Final Sale Hearing; (4) Approving Procedures for the Assumption and Assignment of Executory Contracts and Leases; and (5) Approving the Form and Manner of Notice of Bidding Procedures, Auction and Final Sale Hearing (ECF No. 85, the "Bid Procedures Order") has been provided in accordance with sections 363 and 365 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, and 6006 and the Bid Procedures Order; (ii) such notice was good, sufficient, and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion, the hearing, or the entry of this Order shall be required.

D. As demonstrated by: (i) the testimony and/or other evidence proffered or adduced at the hearing; and (ii) the representations of counsel made on the record at the hearing, the Debtor has adequately marketed the Purchased Assets.

E. With no competing bids received, the Asset Purchase Agreement is the highest or best offer received for the Purchased Assets. The consideration offered by the Buyer and the

assumption of liabilities pursuant to the Asset Purchase Agreement is fair and constitutes reasonably equivalent value for the Purchased Assets.

F.	The Buyer is a purchaser in good faith, as that term is used in and construed under 11 U.S.C. § 363(m), with respect to the Purchased Assets. The Asset Purchase Agreement was negotiated, proposed, and entered into by the parties in good faith, from arms-length bargaining positions and without collusion; therefore, the Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Purchased Assets. Further, neither the Debtor nor the Buyer has engaged in any conduct that would cause or permit the voiding of the Asset Purchase Agreement or the imposition of costs and damages under section 363(n) of the Bankruptcy Code.

G.	By operation of the Bankruptcy Code, the Purchased Assets are property of the Debtor's estate. Accordingly, the transfer of the Purchased Assets to the Buyer is, or it will be, a legal valid, and effective transfer of the Purchased Assets, and it will vest the Buyer with all right, title, and interest in and to the Purchased Assets, free and clear of all Liens, Claims and encumbrances, except those explicitly and expressly set forth in the Asset Purchase Agreement.

H.	Adequate assurance exists that the Buyer will fully perform all future obligations under the executory contracts being assumed and assigned to the Buyer pursuant to the Asset Purchase Agreement (the "Assumed Contracts").

I.	MapleMark Bank consents to the sale of the Purchased Assets on the terms and conditions set forth in the Asset Purchase Agreement.

J.	The Assumed Contracts are valid and binding, in full force and effect, and enforceable in accordance with their terms, and are property of Debtor's estate pursuant to section 541(a) of the Bankruptcy Code.

K.      The terms and conditions of the Asset Purchase Agreement: (i) are fair and reasonable; (ii) are valid, binding, and enforceable; (iii) constitute the highest and best offer for the Purchased Assets; (iv) will provide a greater recovery for Debtor's creditors than would be provided by any other practical available alternative; and (v) constitute reasonably equivalent value and fair consideration for the Purchased Assets.

L.      The transactions contemplated by the Asset Purchase Agreement will, upon consummation thereof (the "Closing"), (i) be a legal, valid, and effective transfer of the Purchased Assets to the Buyer with no further action required on the part of Debtor and (ii) vest the Buyer with good title to the Purchased Assets free and clear of all Liens, Claims and encumbrances, except as expressly permitted by the Asset Purchase Agreement, within the meaning of section 363(f) of the Bankruptcy Code.

M.      The Buyer would not have entered into the Asset Purchase Agreement and it would not consummate the transactions described in the Asset Purchase Agreement if the sale of the Purchased Assets and the assignment of the Assumed Contracts were not free and clear of all Liens and Claims, except as expressly permitted by the Asset Purchase Agreement.

N.      The relief sought in the Sale Motion, including approval of the Asset Purchase Agreement and consummation of the transactions contemplated thereof, is in the best interests of the Debtor, its bankruptcy estate, creditors, and all parties-in-interest.  The Sale must be approved and consummated promptly in order to preserve Debtor's assets and maximize the value of Debtor's estate.

O.      Upon entry of this Order, the Debtor has the corporate or organizational power and authority necessary to consummate the transactions contemplated by the Asset Purchase Agreement.

P.   Except as otherwise provided in this Order, no consents or approvals, other than this Order are required for the Debtor to consummate the transactions contemplated by the Asset Purchase Agreement.

Q.   The Debtor has articulated sound business reasons for consummating the Asset Purchase Agreement and selling the Purchased Assets, and it is a reasonable exercise of Debtor's business judgment to consummate the transactions contemplated by the Asset Purchase Agreement.

R.   The applicable provisions of sections 363 and 365 of the Bankruptcy Code have been satisfied.

S.   The Debtor may consummate the transactions and transfer the Purchased Assets free and clear of all Liens, Claims and encumbrances of any kind or nature whatsoever, except as expressly permitted and assumed under the Asset Purchase Agreement because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All parties with Liens, Claims and encumbrances of any kind or nature whatsoever in the Purchased Assets, except as expressly permitted by the Asset Purchase Agreement, that did not object to the Sale Motion and the relief requested therein, or that withdrew their objections to the transactions, are deemed to have consented to the sale pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. Further, all parties with Liens, Claims and encumbrances of any kind or nature whatsoever in the Purchased Assets, except as expressly permitted by the Asset Purchase Agreement, who did object to the Sale Motion and the relief requested therein fall within one or more of the other subsections of sections 363(f) and 365 of the Bankruptcy Code and are adequately protected. Debtor represented no objections have been filed. Except as otherwise provided in the Asset Purchase Agreement, consummation of the transactions will not subject the Buyer to any debts,

liabilities, obligations, commitments, responsibilities, or claims of any kind or nature whatsoever, including on the basis of, without limitation, any theory of antitrust or successor or transferee liability, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtor, any affiliate of Debtor, or any other person by reason of such transfers and assignments.

T.    All Assumed Contracts shall be cured by Seller as set forth in the Asset Purchase Agreement and such cure shall be deemed adequate assurance of cure of all defaults under the Assumed Contracts, if any, existing before the date of this Order, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code.  No compensation other than the Cure Amounts or adequate assurance of compensation shall be due to any party for any actual pecuniary loss to such party resulting from a default before the date of this Order under the Assumed Contracts, if any, within the meaning of section 365(b)(l)(B) of the Bankruptcy Code.  Buyer has provided adequate assurance of its future performance of and under the Assumed Contracts within the meaning of section 365(b)(l)(C) of the Bankruptcy Code.

U.    The Asset Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code.

V.    The Buyer is not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or stockholders exists between the Buyer and the Debtor and the Buyer does not constitute a successor to the Debtor or the Debtor's estate.

W.    The terms of the Asset Purchase Agreement, including any modifications thereto, are fair and reasonable in all respects.

It is therefore **ORDERED, ADJUDGED AND DECREED THAT**:

1. The Sale Motion is Granted and Approved.

2. All objections to the Sale Motion and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits and denied.

3. The Asset Purchase Agreement as modified, and all of the terms and conditions therein, is hereby approved in all respects.

4. Pursuant to 11 U.S.C. § 363(b), the sale of the Purchased Assets to the Buyer is free and clear of all Liens, Claims and encumbrances (except those specifically permitted by the Asset Purchase Agreement), are approved in all respects.

5. Except as otherwise specifically provided in the Asset Purchase Agreement, the Buyer shall not be liable for any Claims (as defined in 11 U.S.C. § 101) against the Debtor or any of its predecessors or affiliates, and the Buyer shall have no successor or vicarious liability of any kind or character (including, without limitation, the Retained Liabilities set forth in Section 2.4 of the Asset Purchase Agreement which are to remain liabilities of the Seller and if applicable paid in accordance with the DIP Budget), whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of or Claims against the Debtor arising at any time, except for the Assumed Liabilities.

6. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor hereby is authorized to sell and transfer the Purchased Assets to the Buyer and consummate the sale pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, and to transfer and assign all right, title and interest (including common-law rights) to all property, licenses and rights to be conveyed in accordance with and subject to the terms and conditions of the Asset Purchase Agreement, and the Debtor is further authorized and directed to take all other actions as are

necessary to effectuate the terms of and to consummate the transactions contemplated in the Asset Purchase Agreement, including to execute and deliver all documents referenced in and/or contemplated under the Asset Purchase Agreement, without any further corporate authorization or Court Order.  Pursuant to section 363(f) of the Bankruptcy Code, title to the Purchased Assets shall pass to the Buyer at Closing, free and clear of any and all Liens, Claims and encumbrances except as set forth in the Asset Purchase Agreement.

7. Pursuant to 11 U.S.C. §§ 105 and 365, and subject to and conditioned upon the Closing, the Debtor's assumption and assignment to the Buyer, and the Buyer's assumption on the terms set forth in the Asset Purchase Agreement, of the Assumed Contracts is hereby approved, and the requirements of 11 U.S.C. § 365(b)(1) with respect thereto are hereby deemed satisfied.

8. Pursuant to 11 U.S.C. § 105(a), 363, and 365, the Debtor is authorized to assume and assign the Assumed Contracts and assumed liabilities under the Asset Purchase Agreement to the Buyer.  Seller will cure any valid defaults under any of the Assumed Contracts (the "<u>Cure Amounts</u>") at Closing, on or as promptly after the Closing Date as practical.  In accordance with 11 U.S.C. §§ 365(b)(2) and (f), upon the transfer of the Assumed Contracts to the Buyer, the Buyer shall have all of the rights of the Debtor thereunder and each provision of such Assumed Contracts shall remain in full force and effect notwithstanding any provision in any such Assumed Contracts that prohibits, restricts, or limits in any way such assignment or transfer.

9. On the Closing Date, this Order will be construed and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets or a bill of sale transferring good and marketable title in such Purchased Assets to the Buyer.  On the Closing Date, and subject to 11 U.S.C. § 365 of the Bankruptcy Code, this Order also shall be

construed and constitute for any and all purposes a complete and general assignment of all right, title and interest of the Debtor and the bankruptcy estate to the Buyer in the Assumed Contracts.

10. On the Closing Date, each of the Debtor's creditors with Liens are directed to promptly execute such documents and take all other actions as may be necessary to release their Liens on the Purchased Assets.

11. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Asset Purchase Agreement and to resolve any dispute(s) concerning this Order, the Asset Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Asset Purchase Agreement and this Order.

12. Each and every federal, state, and local governmental agency, recording office or department, and all other parties, persons, or entities are hereby directed to accept this Order for recordation.

13. If any person or entity that has filed financing statements, mortgages, mechanic's liens, construction liens, vendee liens, lis pendens, or other documents or agreements evidencing Liens and Claims against or in the Purchased Assets fails before the Closing Date to deliver to the Debtor termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to the Purchased Assets or otherwise, in proper form for filing and executed by the appropriate parties, the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets in accordance with Federal Rule of Civil Procedure 70, which this Court makes applicable pursuant to Federal Rule of Bankruptcy Procedure 9014.

14. The provisions of this Order authorizing the sale of the Purchased Assets free and clear of Liens, Claims and encumbrances shall be self-executing, and neither the Debtor, the Buyer,

nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Asset Purchase Agreement.

15. All entities who are presently, or on the Closing Date who may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Buyer on the Closing Date.

16. To the extent applicable, the automatic stay pursuant to 11 U.S.C. § 362 is hereby lifted to the extent necessary, without further order of the Court, to allow the Buyer to take any and all actions permitted by the Asset Purchase Agreement.

17. To the extent a counterparty to an Assumed Contract failed to timely object to a Cure Amount, such Cure Amount shall be deemed to be finally determined, and any such counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of the Cure Amount at any time, and such Cure Amount, when paid, shall completely revive any Assumed Contract to which it relates.

18. As provided by Fed. R. Bankr. P. 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods. Any stay that would otherwise be applicable pursuant to Bankruptcy Rules 6004(h) or 6006(d) is hereby waived.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. This Order shall be binding upon the Debtor, the Subchapter V Trustee, all creditors of the Debtor, and all other parties in interest.

21. Notwithstanding anything to the contrary in this Order, all defenses of ModularDesign+, LLC and Berkshire Hathaway Specialty Insurance Company to (a) any alleged account(s) receivable currently owned or held by the Debtor being sold under this Order and (b) any claims or counterclaims against ModularDesign+, LLC in the lawsuit styled *ModularDesign+, LLC v. Heartland Cabinetry and Furniture, Inc.* under Case No. 23-2943-431 are expressly preserved and unaffected by this Order.

22. On or prior to the Closing Date, Debtor is authorized and directed to pay the business personal property taxes owed for years 2023 and prior to City of Arlington, Tarrant County, Tarrant County Hospital, Tarrant County College, and Mansfield Independent School District (inclusive of all amounts owed under 11 U.S.C. 506(b)) in order to effectuate the transfer of the Purchased Assets to the Buyer free and clear of such tax liens. The Buyer shall be responsible for payment of business personal property taxes (and penalties and interest, if applicable) due to ad valorem taxing authorities for 2024 and thereafter.

23. To the extent that any provision of this Order conflicts with the Asset Purchase Agreement, this Order shall control.

### END OF ORDER ###