Trey A. Monsour
Tex. Bar No. 14277200
FOX ROTHSCHILD LLP
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone: (214) 231-5796
Facsimile: (972) 404-0516
E-mail: tmonsour@foxrothschild.com

*Counsel for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HEARTLAND CABINETRY AND FURNITURE, INC., | (Subchapter V) |
| Debtor. | Case No. 23-43797 (ELM) |

**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE UNDER 11 U.S.C.
SECTION 1112(B)**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON COURTHOUSE, 1ST FLOOR, 501 WEST TENTH STREET, FORT WORTH, TEXAS 76102, BEFORE CLOSE OF BUSINESS ON JULY 18, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

1

160024933.1

TO THE HONORABLE EDWARD L. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

Heartland Cabinetry and Furniture, Inc. ("Heartland" or "Debtor"), debtor and debtor-in-possession in the above-captioned case ("Chapter 11 Case") filed under subchapter V of chapter 11 of the Bankruptcy Code,[1] by and through its undersigned counsel, Fox Rothschild LLP, submits this Debtor's Motion to Dismiss Chapter 11 Case Under 11 U.S.C. Section 1112(b) (the "Motion") and in support thereof respectfully states as follows:

## I.       JURISDICTION AND VENUE

1.       This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.       Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.       The legal predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 1112(b).

## II.      BACKGROUND

4.       Debtor commenced this case (the "Case") by filing a petition for relief under Subchapter V of chapter 11 of the Bankruptcy Code on December 8, 2023. Pursuant to an order of this Court, Debtor sold its assets other than accounts receivable and the sale closed on March 4, 2024. Among the assets sold was the operating business including its headquarters, employees, contracts, inventory, and books and records.  Debtor obtained an extension through April 1, 2024, to file its reorganization plan.  Debtor is unable to file a plan as required under Section 1189(b) of

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the Northern District of Texas.

160024933.1

the Bankruptcy Code.

5.      The DIP Lender obtained stay relief from this Court to foreclose on the accounts receivable to liquidate to apply to partially satisfy the DIP loan.

6.      Mark A. Weisbart is the appointed Subchapter V Trustee per the Notice of Appointment of Subchapter V Trustee entered in this matter.  Debtor conferred with Mr. Weisbart who supports the requested relief.

### III.      AUTHORITY

7.      "Upon request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested dismissal is not in the best interests of creditors and the estate, the Court shall dismiss or convert a Chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause."  11 U.S.C. § 1112(b).

8.      After careful evaluation by Debtor, after conferring with the Subchapter V Trustee, cause exists to dismiss the Case.  The Debtor has determined that, under the circumstances, the costs associated with continuing the Case even as a converted Chapter 7 case far outweigh any benefits that may be achieved for the estate.  Continuing the Case under Chapter 7 would waste judicial resources and taxpayer dollars moving through the Court system with no achievable benefit to the estate.  All things being considered, the dismissal of the Case is the obvious choice for the Debtor.

### IV.      PRAYER

WHEREFORE, based on the above arguments and authorities, Debtor requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, dismissing its Chapter 11 case and grant all other relief that this Court deems just and proper.

3

160024933.1

Dated this 27th day of June, 2024.

**FOX ROTHSCHILD LLP**

By:      /s/ Trey A. Monsour

Trey A. Monsour
Texas Bar No. 14277200
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 231-5796
Facsimile:  (972) 404-0516
E-mail: tmonsour@foxrothschild.com

*Counsel for Debtor*

## Certificate of Conference

I conferred with the Subchapter V Trustee who supports the requested relief.

*/s/ Trey A. Monsour*
Trey A. Monsour, Esq.
Texas Bar No. 14277200

160024933.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2024, a true and correct copy of the above and foregoing was filed electronically, and notice was served via the court's CM/ECF system on all parties entering an appearance and requesting such notice in this case.

*/s/ Trey A. Monsour*
Trey A. Monsour, Esq.

160024933.1